IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TAWNA ANDREWS, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OF THE ESTATES OF LONNIE ANDREWS AND JOSHUA ANDREWS; BONNIE ANDREWS, INDIVIDUALLY, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF LONNIE ANDREWS; AND TARA ANDREWS AND JUSTIN ANDREWS | § | |
| Plaintiffs, | § | Case No. 4:05-CV-419 |
| PEGGY MACOMBER AND HENRY MACOMBER, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF DAVID MACOMBER | § | |
| Intervenor-Plaintiffs, | § | |
| v. | § | |
| UNITED STATES OF AMERICA, | § | |
| Defendant. | § | |

**ORDER DENYING PLAINTIFFS' AND INTERVENORS' MOTION FOR STAY OF LITIGATION PENDING *ESCOTO* APPEAL AND MOTION TO RECONSIDER**

The following motions are pending before the court:

1. Plaintiffs' and Intervenors' Motion for Reconsideration of the Order Granting Defendant's Motion for Summary Judgment and for New Trial (de #129 and 130);

2. Defendant United States' Response to Plaintiffs' and Intervenors' Motion for Reconsideration of the Order Granting Defendant's Motion for Summary Judgment and for New Trial (de #134);

3. Plaintiffs' and Intervenors' Motion for Stay of Litigation Pending *Escoto* Appeal (de

#136); and

4. Defendant United States' Response to Plaintiffs' and Intervenors' Motion for Stay of Litigation Pending *Escoto* Appeal (de #137).

## BACKGROUND

On May 4, 2007, the court granted the Defendant's motion for summary judgment on all claims. Thereafter, on May 18, 2007, the Plaintiffs and Intervenors filed a motion to reconsider and for a new trial, to which the Defendant responded. After the Defendant responded to the motion, but before the court had made a ruling on it, the Plaintiffs and Intervenors filed a motion for a stay of litigation. Specifically, the Plaintiffs and Intervenors requested that the court stay the case and any ruling on their motion for reconsideration or for a new trial until the Texas Supreme Court rules on the *Nabors Drilling, U.S.A., Inc. v. Escoto* case currently pending. As this court noted in its Memorandum Opinion and Order Granting Defendant United States' Motion for Summary Judgment ("Order"), while the facts of *Escoto* are very similar to those in the instant case, the outcome seems to deviate from settled Texas law. As such, if the court were to have followed *Escoto*, it might have denied the Defendant's motion for summary judgment. That said, the Texas Supreme Court had ruled differently in many cases similar to *Escoto* and therefore, following the Texas Supreme Court, this court granted the motion for summary judgment. The Texas Supreme Court recently requested full briefing in the *Escoto* case and set deadlines for the briefing. On July 3, 2007, however, the appellant filed a motion for extension of time to file its brief.

The Plaintiffs and Intervenors contend that this court should wait for a ruling on *Escoto* because if the Texas Supreme Court affirms the Texas appellate court's decision, then the outcome in the instant case would be different. Further, the Plaintiffs and Intervenors argue that such a stay

will not prejudice the Defendant because only the Plaintiffs and Intervenors are requesting any affirmative relief. The Defendant responds that a stay is not warranted under the circumstances in the instant case because the length of the stay is indefinite, likely lasting over a year. Additionally, Defendant contends that contrary to Plaintiffs and Intervenors' claim that Defendant would not be harmed if a stay is issued, it will be harmed because as time passes witnesses' memories will fade and they will move away. Finally, Defendant says that it is highly unlikely the Texas Supreme Court will affirm the Texas appellate court and therefore the stay should not be issued.

## DISCUSSION & ANALYSIS

A. Motion to Stay

It is within the court's discretionary power to stay proceedings in the interest of justice and in control of their dockets. *Wedgeworth v. Fibreboard Corp., et al.*, 406 F.2d 541, 544-45 (5th Cir. 1983). While the court's discretion in this area is broad, it is not without limits. *Id.* at 545. In determining whether to stay proceedings, the court must "weigh competing interests and maintain an even balance." *Id.* Under circumstances such as these, where the court is considering whether to grant a stay pending the resolution of another case, the court "must carefully consider the time reasonably expected for the resolution of the 'other case,' in light of the principle that 'stay orders will be reversed when they are found to be immoderate or of an indefinite duration.'" *Id.* (quoting *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982)). "Thus, a stay must be 'so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description.'" *Id.* (quoting *Landis v. N. Amer. Co.*, 299 U.S. 248, 257 (1936)). Imposing a potentially lengthy stay may impair a party's ability to present its case because as time passes, memories fade, witnesses move and costs increase. *McCall v. Peters*, 2003 WL 22083507,

*2 (Feb. 18, 2003 N.D. Tex.).

In the instant case, there is no guaranteed estimate of how long the appeal to the Texas Supreme Court will take. While the Plaintiffs and Intervenors estimate in their motion that the appeal could be over by the end of 2008, the Defendant notes that the appellant in the case has filed a motion for extension of time to file its brief. Such an extension could further postpone the case. As Defendant points out, with the passage of time, such a stay would act as a hardship with regard to witnesses and to presenting its case in general. Specifically, Defendant argues that the witnesses' memories will fade and also that, given the nature of many witnesses' military careers, it is more likely that witnesses will move away. For these reasons, the court will not grant Plaintiffs' and Intervenors' motion for a stay because such a stay would be immoderate and indefinite and would result in a hardship to the Defendant. *See McCall*, 2003 WL 22083507 at *2. Therefore, the court denies the Plaintiffs' and Intervenors' motion to stay.

B. Motion for Reconsideration

*i. Legal Standard*

Motions to reconsider serve a very limited purpose: "to permit a party to correct manifest errors of law or fact, or to present newly discovered evidence." *Krim v. pcOrder.com, Inc.*, 212 F.R.D. 329, 331 (W.D. Tex. 2002) (citations omitted). Mere disagreement with a district court's order does not warrant reconsideration of that order. *See id.* at 332. A party should not restate, recycle, or rehash arguments that were previously made. *See id.* at 331. Further, "litigants are expected to present their strongest case when the matter is first considered." *Louisiana v. Sprint Comms. Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995) (citation omitted).

*ii. Discussion & Analysis*

The Plaintiffs and Intervenors have not presented the court with any new evidence or law. Rather, the Plaintiffs and Intervenors instead argue that the court was incorrect in its decision to follow the Texas Supreme Court's ruling in the longstanding *Otis Engineering*[1] case as opposed to a Texas intermediary court's ruling. This court spent much time in its Order discussing why following the *Otis Engineering* case was proper.[2] The Plaintiffs and Intervenors point the court toward cases holding that a federal district court should follow the ruling of a state's intermediate courts. The Plaintiffs and Intervenors fail to note, however, that those cases also say that the federal district court is obligated to follow the state intermediate court's ruling only when the state supreme court has not addressed the issue and there is no convincing evidence that the state supreme court would decide the issue any differently. *See, e.g., Fidelity Union Trust Co. v. Field*, 311 U.S. 169, 177 (1932) (holding that the federal courts must follow the ruling of an intermediate state court only when the highest court of the state has not addressed the legal issue); *John Hancock Mutual Life Ins. Co. v. Tarrence*, 244 F.2d 86, 87 (6th Cir. 1957) (recognizing a federal court's duty to follow a decision of a state intermediate court but only requiring such action when the highest court of the state had not yet addressed the legal issue); *Bills v. United States Fidelity & Guaranty Co.*, 280 F.3d 1231, 1234 n.1 (9th Cir. 2002) (stating that a federal court is obligated to follow decisions of a state intermediate court only in the absence of a state supreme court ruling on the issue). Thus, federal courts should apply state intermediate courts' decisions only in those situations where the state

---

[1] 668 S.W.2d 307 (Tex. 1983).

[2] "Because the weight of authority establishes that no duty exists in circumstances similar to the facts herein and given the fact that *Otis* and its progeny seem to stress that the employer must have taken affirmative action because of the incapacity, the court finds that no duty exists in the instant case. In other words, the court chooses to follow the rule as it was set forth and applied out in *Otis* and its progeny." Order, p. 10.

supreme court has not spoken on the issue. Therefore, the court is bound to apply the law as interpreted by the state's highest court, where applicable. *Barfield v. Madison County, Miss.*, 212 F.3d 269, 271-72 (5th Cir. 2000). In the instant case, as discussed in the Order, this court concluded that the Texas Supreme Court as well as the Fifth Circuit, following the Texas Supreme Court's rulings, had spoken on the legal issues involved, and therefore, this court followed those rulings. The cases that the Plaintiffs and Intervenors have cited are distinct from the situation in the instant case. The Plaintiffs and Intervenors have provided no new legal arguments or factual evidence or any other basis on which the court should grant their motion to reconsider and for a new trial. Accordingly, the Plaintiffs' and Intervenors' motion to reconsider and for a new trial is denied.

## CONCLUSION

For the foregoing reasons the court hereby **DENIES** both the Plaintiffs' and Intervenors' Motion for Reconsideration of the Order Granting Defendant's Motion for Summary Judgment and for New Trial (de #129 and 130) and Plaintiffs' and Intervenors' Motion for Stay of Litigation Pending *Escoto* Appeal (de #136).

**SIGNED this the 9th day of August, 2007.**

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE