IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TAWNA ANDREWS, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OF THE ESTATES OF LONNIE ANDREWS AND JOSHUA ANDREWS; BONNIE ANDREWS, INDIVIDUALLY, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF LONNIE ANDREWS; AND TARA ANDREWS AND JUSTIN ANDREWS | § § § § § § § § § § | |
| Plaintiffs, | § § | Case No. 4:05-cv-419 |
| PEGGY MACOMBER AND HENRY MACOMBER, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF DAVID MACOMBER | § § § § § § | |
| Intervenor-Plaintiffs, | § § | |
| v. | § § | |
| UNITED STATES OF AMERICA, | § § | |
| Defendant. | § | |

**ORDER ON MOTION TO SET ASIDE BILL OF COSTS**

Before the court are "Plaintiffs' and Intervenors' Motion to Set Aside Bill of Costs and Plaintiffs' and Intervenors' Objections to Bill of Costs" (de # 133) and the Government's Response (de # 135) thereto. Having considered the Motion, the arguments of the parties and the applicable law, the court is of the opinion that the Motion should be GRANTED IN PART and DENIED IN PART.

On May 4, 2007, the court signed an order (de # 127) granting the Government's Motion for Summary Judgment. On August 9, 2007, the court signed an order (de # 138) denying the Plaintiffs' and Intervenors' Motion for Reconsideration. On May 22, 2007, the Government submitted its Bill of Costs. On May 30, 2007, the Plaintiffs and Intervenors filed this Motion, objecting to the

Governments Bill of Costs. On October 5, 2007, the Plaintiffs filed a Notice of Appeal with the court, indicating their appeal of the court's grant of summary judgment to the Fifth Circuit Court of Appeals. On the same day, the Government filed a stipulation with the court indicating that the Intervenors had forgone any right of appeal in this matter in exchange for the Government's agreement not to seek costs of litigation from them.

The Government seeks reimbursement for the cost of a number of deposition transcripts.[1] Rule 54(d)(1) provides that "costs, other than attorneys' fees shall be allowed as of course to the prevailing party unless the district court otherwise directs." FED. R. CIV. P. 54(d)(1). Courts in this Circuit are to apply "a strong presumption that the prevailing party will be awarded costs." *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006). In fact, the denial of costs is considered penal in nature. *Id*. at 793-94. Section 1920 provides, in relevant part, that "[f]ees for exemplification and copies of papers necessarily obtained for use in the case" may be properly taxed against the losing party. 28 U.S.C. § 1920(4) (2006). That provision covers the cost of deposition transcripts necessarily obtained during the course of litigation. *West Wind Africa Line, Ltd. v. Corpus Christi Marine Servs. Co.*, 834 F.2d 1232, 1238 (5th Cir. 1988).

The Plaintiffs[2] present their position to the court on the strength of two arguments; that their lawsuit was prosecuted in good faith and that they lack the financial resources to pay for the costs the Government seeks. While the court is mindful that these factors may be considered in deciding whether to tax costs, *Pacheco*, 448 F.3d at 794, the circumstances of this case do not warrant departure

---

[1] The Government originally sought $3,874.95 in transcript related costs. In response to the Motion, the Government agreed not to pursue $820.94 in administrative fees, signature fees, shipping and handling fees and e-transcript fees. Thus, the Government seeks $3,054.01 in costs.

[2] Though the Motion was filed jointly by the Plaintiffs and Intervenors, as mentioned above, the Government has stipulated that it will not seek costs from the Intervenors. Thus, the remainder of this order will discuss the Motion only as it relates to the Plaintiffs.

from the strong presumption that costs are to be awarded to the winning party. The Intervenors gave up their right of appeal in this matter in exchange for being relieved of responsibility for the Government's costs. If the court were to decide not to impose costs on the Plaintiffs, they will have secured the same benefit that the Intervenors did without giving up any valuable right. It would be plainly inequitable to reach such different results for parties who essentially litigated their case jointly. The court, therefore, finds that costs should be taxed against the Plaintiffs.

The final issue is the apportionment of costs. Losing parties in a lawsuit typically incur joint and several responsibility for costs. *Maryland Cas. Co. v. Lab Disc. Drug, Inc.*, 2007 U.S. Dist. LEXIS 11159, at *3 (S.D. Miss. Feb. 16, 2007) (quoting *In re Paoli R.R. Yard PCB Litigation*, 221 F.3d 449, 469 (3d Cir. 2000)). The same consideration that warrants adherence to the strong presumption in favor of the imposition of costs animates departure from the general rule of joint and several liability. Otherwise, the Plaintiffs would be the only party on the hook for the Government's costs. In other words, the agreement between the Government and the Intervenors, a development over which the Plaintiffs presumably had no control, would adversely affect the Plaintiffs.

The court finds that one-half of the costs should be apportioned against the Plaintiffs. As mentioned above, the Plaintiffs and the Intervenors acted in concert throughout much of the case. Their claims were inextricably intertwined as they depended on the same arguments as applied to the same factual circumstances. The court finds that the cost of each of the deposition transcripts was necessarily incurred by the Government. Therefore, the court ORDERS the clerk to tax $1,527.00 as costs against the Plaintiffs, or one-half of the $3,054.01 sought by the Government.

IT IS SO ORDERED.

**SIGNED this the 18th day of March, 2008.**

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE